IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BRENDA PAINTER                                                    PLAINTIFF

V.                          CASE NO.: 1:10CV00059 BD

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Brenda Painter brings this action for review of the final decision of the
Commissioner of the Social Security Administration ("Commissioner") denying her claim
for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security
Act (the "Act"). For reasons that follow, the decision of the Administrative Law Judge
("ALJ") is AFFIRMED.[1]

## I.    Procedural History:

Ms. Painter filed her applications for SSI on April 5, 2006. She alleged disability
due to mental problems, depression, and bipolar disorder. (Tr. 47-51, 70, 82)

After the Commissioner denied her applications at the initial and reconsideration
stages of administrative review, Ms. Painter requested a hearing before an ALJ. The ALJ
held a hearing on January 16, 2008, and Ms. Painter appeared with her attorney David
Throesch. (Tr. 227-245)

---

[1] The Honorable Garry L. Brewer, Administrative Law Judge.

At the time of the hearing, Ms. Painter was a 45-year-old with a ninth grade education. (Tr. 229) She was 5'6" tall and weighed 110 pounds. (Tr. 69) Ms. Painter had past relevant work as a buffet runner.

At the hearing, the ALJ received testimony from Ms. Painter and vocational expert Beth Clem. On June 18, 2008, the ALJ issued a decision denying Ms. Painter benefits. (Tr. 13-20) The Appeals Council denied Ms. Painter's request for review on July 1, 2010. (Tr. 4-7) Ms. Painter filed the current Complaint for Review of Decision (docket entry #2) on July 30, 2010.

## II.    Decision of the Administrative Law Judge:

The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work[2]; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 416.920(a)-(g).

---

[2] If the claimant has sufficient residual functional capacity to perform past relevant work, the inquiry ends and benefits are denied. 20 C.F.R. § 416.920(a)(4)(iv).

The ALJ found that Ms. Painter had not engaged in substantial gainful activity since the onset of her alleged disability.  (Tr. 13)  Ms. Painter's bipolar disorder, polysubstance dependence, learning disorder, amnestic traits, and dependent personality were severe impairments.  (Tr. 13, 20)  According to the ALJ, Ms. Painter did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 13, 20)

Ms. Painter had past relevant work as a buffet runner, which was unskilled work.  (Tr. 19-20)  The ALJ found  that Ms. Painter had no exertional limitations.  Despite her nonexertional limitations, Ms. Painter retained the residual functional capacity ("RFC") to perform unskilled work at all exertional levels.[3]  (Tr. 17-20)  At step four, the ALJ found that Ms. Painter could perform her past relevant work as a buffet runner.  (Tr. 19-20)

III.   **Analysis:**

A.   *Standard of Review*

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the administrative record to support the decision.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); 42 U.S.C. § 405(g).  "Substantial evidence is evidence that a reasonable mind would find adequate to support the ALJ's conclusion."  *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007).

---

[3] Unskilled work "is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 416.968(a).

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Medhaug v. Astrue*, 578 F.3d 805, 813 (8th Cir. 2009)(quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

B.      *Plaintiff's Arguments*

Ms. Painter claims the findings of the ALJ are not supported by substantial evidence because: (1) the ALJ erred in finding that she did not have a combination of impairments that equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; and (2) the ALJ erred in his RFC determination.  (#12)

C.      *Impairment Listing*

The ALJ found that Ms. Painter did not meet or equal the Listing requirements for a presumptive disability.  (Tr. 13, 18-20)  Ms. Painter argues that the ALJ erred because she did meet Listing 12.04 or 12.06.  (#12, p. 11-14)

A claimant has the burden of proving that an impairment, or combination of impairments, meets or equals a Listing.  *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004).  "To meet a listing, an impairment must meet all of the listing's specified criteria." *Carlson v. Astrue*, 604 F.3d 589, 593 (8th Cir. 2010) (citing references omitted).

1.      *Listing 12.04*

In order to meet Listing 12.04 for affective disorders, Ms. Painter had to prove she

had medically documented, persistent depression; manic disorder; or bipolar disorder

under criterion "A".  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04A.1-3.  As the ALJ

found Ms. Painter suffered from severe bipolar disorder, she met the "A" criterion for

Listing 12.04.  She also had to show, however, that she met the "B" criterion for Listing

12.04.  The "B" criterion is met when an individual has at least two of the following:

(1) marked restriction of activities of daily living; (2) marked difficulties in maintaining

social functioning; (3) marked difficulties in maintaining concentration, persistence, or

pace; or (4) repeated episodes of decompensation, each of extended duration.  20 C.F.R.

Pt. 404, Subpt. P, App. 1, § 12.04B.

Ms. Painter fails to explain how she met the "B" criterion, beyond quoting the

administrative decision and hearing at length.  (#12, p. 11-14)  Regardless of this failure,

the ALJ's finding that she did not meet the "B" criterion is supported by substantial

evidence in the record as a whole.

As the ALJ noted, Ms. Painter had only mild restrictions in activities of daily

living.  (Tr. 14)  She had mild-to-moderate difficulties functioning socially, as opposed to

marked difficulties that would meet one of the "B" criteria.  (Tr. 18, 150)  She had

difficulty interacting with law enforcement due to frequent drug use and avoided the

public as much as possible.  She could, however, shop in public, visit with friends, attend

four Alcoholics Anonymous ("AA") meetings a week, follow up with her probation meetings, and participate in therapy sessions.  (Tr. 162)

Ms. Painter did not prove marked difficulties in maintaining concentration, persistence, or pace, either.  A psychiatric review, a mental RFC assessment, and a psychological evaluation evidenced no more than moderate difficulty maintaining concentration, persistence, or pace.  (Tr. 150, 154-155, 163)

Regarding the fourth "B" criterion (repeated episodes of decompensation) the record does not show a single episode of decompensation, much less repeated episodes. At the hearing, the ALJ stated that, based on her testimony, it was likely that Ms. Painter had suffered some incidents of decompensation, and he stated that he would review the record for evidence of episodes.  (Tr. 244)  In his decision, the ALJ found, "no evidence of record that the claimant has ever experienced an episode of decompensation of extended duration and she is assessed at the none level of functional limitations in this category."  (Tr. 19)  Ms. Painter states that, contrary to the ALJ's finding, "the record shows repeated episodes of decompensation."  (#12, p. 5)  She does not cite a single episode, however, evidenced in the record.[4]  (#12, p. 1-18)

The record shows that Ms. Painter had some outpatient treatment, but never was hospitalized for psychiatric problems or for the affective disorders at issue in Listing

_____

[4] With the ALJ's clear finding of no episodes, and Ms. Painter's assertion of repeated episodes, it is confounding that she is unable to direct the Court to a single episode of decompensation in the record.

12.04.  (Tr. 177, 193)  Her only hospitalizations were the result of her substance abuse.

Ms. Painter has not presented either argument or evidence to support consideration of

whether she met the "C" criterion for Listing 12.04.[5]

> 2.    *Listing 12.06*

In order to meet Listing 12.06, Ms. Painter would have to show that she suffered

an anxiety disorder.  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.06.  It does not appear that

Ms. Painter suffered any disorders that would meet the "A" criterion for Listing 12.06.

Ms. Painter testified that she "might" have obsessive-compulsive disorder, because

she was very picky, organized, and wanted to keep her home clean.  (Tr. 164, 239-240)

There is also some evidence that Ms. Painter suffered anxiety, although it did not appear

persistent, as required to meet criterion "A".  (Tr. 93, 95, 135)  Even assuming she met

criterion "A", criterion "B" for Listings 12.04 and 12.06 are identical.  20 C.F.R. Pt. 404,

Subpt. P, App. 1, § 12.04B and § 12.06B.  As previously discussed, Ms. Painter did not

meet a single listing requirement for the "B" criterion.  To meet criterion "B", she would

have had to prove at least two of the requirements.

The independent "C" criterion for Listing 12.06 requires that the disorder result in

"complete inability to function independently outside the area of one's home."  20 C.F.R.

---

[5] The "C" criterion is independent of the "A" and "B" criteria.  It requires a showing or repeated episodes of decomposition, a disease where a minimal increase in mental demands would be predicted to cause decompensation, or a current history of inability to function outside a highly supportive living arrangement.  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04C.

Pt. 404, Subpt. P, App. 1, § 12.06C.  Ms. Painter's ability to shop in public, visit with

friends, attend four AA meetings a week, follow up with probation meetings, and

participate in therapy sessions shows that she did not meet criterion "C."  (Tr. 162)

Ms. Painter clearly suffered some mental impairments.  However, the ALJ's step

three finding that her impairments did not meet or equal a listing for presumptive

disability was supported by substantial evidence in the record.  Ms. Painter's arguments to

the contrary were poorly supported and lacked merit.[6]

D.      *Residual Functional Capacity*

Ms. Painter argues that the ALJ erred in finding she retained the RFC to perform

heavy work.  (#12, p. 14-16)  The ALJ bears the initial responsibility for assessing a

claimant's RFC.  *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).  It is the

claimant's burden, however, to prove RFC.  *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th

Cir. 2010).

Ms. Painter's RFC is what she can do despite her limitations.  20 C.F.R. § 416.945.

In determining a claimant's RFC, the ALJ has a duty to establish, by competent medical

---

[6] In the final sentence of this section of her brief, Ms. Painter states, "this case should be remanded to assess Plaintiff's non-exertional limitations and present a complete hypothetical." (#12, p. 14)  It is not clear whether this comment was a typographical error or a woefully incomplete argument for remand.  Either way, there was no hypothetical. Instead, the ALJ asked the vocational expert whether Ms. Painter's limitations were consistent with unskilled work.  (Tr. 243)  The ALJ then used the vocational expert's confirmation to find that Ms. Painter could perform her past relevant work.  (Tr. 19) Accordingly, there was no call for a "complete hypothetical."

evidence, the physical and mental activity that a claimant can perform in a work setting,

after giving appropriate consideration to all impairments supported by the evidence.

*Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).  The ALJ must determine RFC

based on all relevant evidence, including medical records, observations of treating

physicians and others, and the claimant's own descriptions of her limitations.  *Baldwin v.*

*Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003); *Pearsall v. Massanari*, 274 F.3d 1211, 1217

(8th Cir. 2001).

Ms. Painter did not allege any physical limitations in her disability reports.  (Tr.

70, 82-83)  During the hearing, she stated that her knee and arm were "messed up" in a

car accident.  (Tr. 241)  She did not elaborate and the record shows no medical treatment

for any physically limiting impairment.[7]

Ms. Painter did not allege that her mental condition affected her exertional

abilities.  (Tr. 89)  In addition, substance abuse treatment records list no physical

limitations.  (Tr. 169, 183)

Ms. Painter did not allege or describe any physical limitations in her brief, beyond

arguing that the ALJ erred in failing to find any.  (#12)  Ms. Painter seems to indicate that

---

[7] It appears Ms. Painter complained of elbow pain at some point, but x-rays showed a normal elbow.  (Tr. 103)  There was no treatment prescribed or recommended for her elbow.  She was also injured in an assault by her husband.  (Tr. 117-126)  The record does not show any further treatment for injuries related to the assault.

the ALJ needed to further develop the record in this regard. (#12, p. 15) This argument

lacks merit in the absence of any allegation or evidence of a physical limitation.

Ms. Painter argues that the ALJ should have proceeded to step five of the

sequential process. (#12, p. 15) She does not actually argue, however, that she could not

perform her past relevant work. If a claimant is capable of performing past relevant

work, the inquiry ends at step four of the sequential analysis, and benefits are denied. 20

C.F.R. § 416.920(a)(4)(iv).

The ALJ noted that without exertional limitations, Ms. Painter was capable of

unskilled heavy work activity. (Tr. 19) The ALJ's actual finding, however, was that she

could perform her past relevant work. (Tr. 20) This finding required only proof that Ms.

Painter was capable of light work.[8] Ms. Painter's past work as a buffet runner, as she

actually performed it, required lifting a maximum of 10 pounds, with frequent lifting of

10 pounds. (Tr. 71) Even assuming that Ms. Painter could not perform heavy work,

substantial evidence showed that she could perform the light work required in her past

relevant work.

Ms. Painter did not challenge the mental (nonexertional) aspect of the ALJ's RFC

finding. The ALJ found that Ms. Painter could perform work where interpersonal contact

is incidental to work performed, and where tasks are learned and performed by rote. (Tr.

---

[8] Light work "involves lifting no more than 20 pounds at a time with frequent
lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b).

15) The vocational expert testified that these limitations are consistent with unskilled work. (Tr. 243) The ALJ's finding that Ms. Painter retained the RFC to perform her light exertional, unskilled, past relevant work is supported by substantial evidence in the record.

**IV.    Conclusion:**

The Court has reviewed all of the evidence in the record, including all of the medical evidence, the assessment of the consulting physicians, and the hearing transcript. There is sufficient evidence in the record to support the Commissioner's determination that Brenda Painter retained the residual functional capacity to perform her past relevant work. Accordingly, Ms. Painter's appeal is DENIED. The Clerk is directed to close the case.

IT IS SO ORDERED this 14th day of June, 2011.

_____
UNITED STATES MAGISTRATE JUDGE